1
2
3
4
5
6
7                              UNITED STATES DISTRICT COURT
8                        FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10   RANDY ERIC PERKINS,                        Case No.  2:20-cv-02402-JDP (PC)

11                  Plaintiff,                  ORDER GRANTING PLAINTIFF'S
                                                APPLICATION TO PROCEED IN FORMA
12          v.                                  PAUPERIS

13   C. REESE, *et. al.*,                       ECF No. 5

14                  Defendants.                 SCREENING ORDER THAT PLAINTIFF:

15                                                  (1) FILE AN AMENDED
                                                    COMPLAINT; OR
16
                                                    (2) NOTIFY THE COURT THAT HE
17                                                  WISHES TO STAND BY HIS
                                                    COMPLAINT, SUBJECT TO
18                                                  DISMISSAL OF CLAIMS AND
                                                    DEFENDANTS CONSISTENT WITH
19                                                  THIS ORDER.

20                                              ECF No. 1

21                                              SIXTY-DAY DEADLINE

22

23          Plaintiff Randy Eric Perkins is a former state prisoner proceeding without counsel in this

24   civil rights action brought under 42 U.S.C. § 1983.  He alleges that defendants Reese, Robins,

25   Fowler, and Tyler violated his due process rights by withholding positive programming credits

26   that entitled him to an earlier release.  ECF No. 1 at 3-5.  I find, for the reasons stated below, that

27   plaintiff has failed to state a cognizable claim.  I will give him leave to amend his complaint.

28

Plaintiff has also filed an application to proceed *in forma pauperis*.  ECF No 5.  Plaintiff's application makes the required showing and is granted.

### Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2

**Analysis**

As stated above, plaintiff alleges that defendants violated his due process rights by failing to provide all the positive programming credits that an agency program promised.  There is no liberty interest in earning good time credits.  *See Ashby v. Lehman*, 307 F. App'x 48, 49 (9th Cir. 2009) ("Ashby lacks a constitutionally-protected liberty interest in earning early release time credits, and he therefore was not entitled to the protections of due process before he was deprived of his ability to earn the credits.").  Consequently, there is no due process right at stake.  *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) ("The procedural guarantees of the Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake.").  Plaintiff is not alleging that credits he had already earned were taken from him or incorrectly calculated.  He claims that, under the agency's program to reduce prison population during the pandemic, he did not earn the eighty-four credits that were advertised.  ECF No. 1 at 4.  His complaint, as articulated, does not state a due process claim.

I will give plaintiff leave to amend his complaint.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint must be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.  If plaintiff chooses to stand on his current complaint, I will recommend that it be dismissed for failure to state a claim.

Accordingly, it is ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is granted.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

3

1        4.  The clerk's office is directed to send plaintiff a complaint form.

2    IT IS SO ORDERED.

3

Dated:    February 16, 2021                    _____

4                                              JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28